IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| JASMINE LEWANDOWSKI,<br><br>   Plaintiff,<br><br>v.<br><br>XPO Last Mile, Inc.<br><br>   Defendant. | CIVIL ACTION NO.<br>3:16-cv-164-TCB |

# COMPLAINT

Plaintiff JASMINE LEWANDOWSKI brings this Complaint for damages and other relief against Defendant XPO LAST MILE, INC. and alleges as follows.

## NATURE OF THE ACTION

1. This is an action for unpaid overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.*, ("FLSA") and two state law claims for breach of contract.

## PARTIES

2. Plaintiff JASMINE LEWANDOWSKI ("Plaintiff" or "Lewandowski") is a citizen of Georgia and resides in Newnan, Georgia.

3. Defendant XPO LAST MILE, INC. ("XPO") is a Georgia company.

1

4. XPO's principle office is located at 1851 West Oak Parkway, Suite 100, Marietta, Georgia, 30062.

5. XPO may be served with process by delivering copies of the Summons and this Complaint to XPO's registered agent, Registered Agent Solutions, Inc., located at 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia, 30076.

## JURISDICTION

6. The Court has original jurisdiction over Plaintiff's claims for violation of the FLSA pursuant to 28 U.S.C. § 1331, because these claims raise questions of federal law.

7. The Court has personal jurisdiction over XPO, because XPO operates a logistics office in Georgia, and Plaintiff's claims arise out of her employment at that logistics office.

8. The Court has jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

9. Plaintiff's state law claims arise out of a common nucleus of operative fact as her federal claim for unpaid overtime wages under the FLSA because all three claims arise out of XPO's wage and hour policies and practices.

## VENUE

10. Under 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Northern District of Georgia.

11. Pursuant to Local Rule 3.1(B)(1)(a) and § 1391(d), venue is proper in the Newnan Division, because the activity from which the cause of action arose took place in Fayette County.

## FACTUAL ALLEGATIONS IN SUPPORT OF PLAINTIFF'S CLAIM FOR FAILURE TO PAY OVERTIME

12. While working for XPO, Plaintiff was engaged in interstate commerce and/or in the production of goods for commerce.

13. By way of example, XPO operates a shipping company which handles packages that have traveled in interstate commerce.

14. XPO qualifies as an "employer" within the meaning of the FLSA. 29 U.S.C. § 203(d).

15. Plaintiff was an "employee" within the meaning of the FLSA. 29 U.S.C. § 203(e).

16. In the three years prior to the filing of this Complaint, XPO has been and continues to be engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

17. In the three years prior to the filing of this Complaint, XPO has been and continues to be an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

18. In the three years prior to the filing of this complaint, XPO has employed one or more individuals who handled materials that traveled in interstate commerce.

19. In each of the three years prior to the filing of this Complaint, XPO has an annual gross volume of sales made or business done in excess of $500,000.

20. XPO's individual annual gross volume of sales made or business done in the current calendar year will exceed $500,000.

21. Lewandowski worked as an employee at XPO's Fayetteville, Georgia location from December 15, 2015 to June 6, 2016.

22. Lewandowski initially worked for XPO as a customer service dispatch.

23. As a customer service dispatch, XPO paid Lewandowski an hourly rate of $15.00 per hour.

24. Lewandowski's assigned regular work schedule as customer service dispatch was 6 AM to 2:30 PM, Tuesday through Saturday.

25. Lewandowski was moved to a billing specialist position on or about April 5, 2016.

26. As a billing specialist, XPO paid Lewandowski an hourly rate of $13.00 per hour.

27. Lewandowski's assigned regular schedule as a billing specialist was Tuesday through Saturday, 11 AM to 8 PM.

28. However, Lewandowski worked in excess of 40 hours per week in certain work weeks.

29. Lewandowski typically arrived early in the mornings to perform work on behalf of XPO.

30. Lewandowski typically worked past her scheduled shift to perform work on behalf of XPO.

31. Lewandowski was provided a lunch break, but on not less than five occasions, she was required to attend a work-related meeting during her break.

32. Lewandowski was not compensated for her required break-time work meetings.

33. On occasion, XPO paid Lewandowski for hours worked in excess of 40 per week at a rate of not less than one and one-half times her regular rate.

34. However, on other times XPO failed to pay Lewandowski for hours worked in excess of 40 per week at a rate of not less than one and one-half times her regular rate.

35. When XPO failed to properly compensate Lewandowski, she emailed Latrice Gardner about said failure.

36. While Lewandowski was employed by XPO, Gardner worked in the human resources department.

37. XPO knew Lewandowski worked overtime, because they at times they compensated her for the same.

38. XPO further knew Lewandowski worked overtime, because she emailed Gardner about her lack of proper compensation from XPO.

39. XPO knew or should have known that Lewandowski worked hours in excess of 40 during certain workweeks.

40. XPO failed to keep accurate time records of all hours worked by Lewandowski.

41. These and other practices of XPO resulted in Plaintiff working hours in excess of 40 in certain workweeks for which she was not compensated at one and one half times her regular rate of pay.

**FACTUAL ALLEGATION IN SUPPORT OF PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT FOR HER HOURLY RATE**

42. XPO first employed Plaintiff to perform work as a customer service dispatch on December 15, 2015.

43. Plaintiff had a contract with XPO to pay her a set hourly rate as a customer service dispatch.

44. Plaintiff's hourly rate was $15.00, as a customer service dispatch.

45. Plaintiff's last day as a customer service dispatch was on or about April 2, 2016.

46. Plaintiff began a new role as a billing specialist on or about April 5, 2016.

47. Plaintiff had a contract with XPO to pay her a set hourly rate as a billing specialist.

48. Plaintiff's hourly rate was $13.00, as a billing specialist.

49. The transition from a customer service dispatch to a billing specialist occurred in the middle of a pay cycle.

50. XPO compensated Plaintiff at only $13 per hour for her final week as a customer service dispatch.

**FACTUAL ALLEGATION IN SUPPORT OF PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT FOR UNPAID PTO**

51. Plaintiff's contract with XPO provided her with Paid Time Off ("PTO").

52. Plaintiff had accrued PTO at the time of termination from XPO

53. Plaintiff had remaining PTO at the time of her termination from XPO.

54. Per the Benefits Options at Termination provided to Plaintiff at her termination, all PTO vacation hours will be paid "on the pay date following [Plaintiff's] termination."

55. XPO has not paid any PTO vacation hours to Plaintiff since her termination.

## COUNT I: FAILURE TO PAY OVERTIME WAGES

56. XPO permitted Lewandowski to perform work in excess of 40 hours per week during certain work weeks.

57. XPO failed to compensate Plaintiff for hours worked in excess of 40 per week at a rate of not less than one and one-half times her regular rate.

58. XPO chose not to compensate Plaintiff at the required overtime premium rate despite Defendant's knowledge that failure to pay an overtime premium rate was a violation of the FLSA given Plaintiff's job duties.

59. XPO's decision with respect to Plaintiff's compensation show a reckless disregard for Plaintiff's rights under the FLSA.

60. By failing to compensate Lewandowski at not less than one and one half times her regular rate of pay for all hours worked over 40 in certain workweeks, XPO violated the FLSA.

61. As a result, Defendant violated the recordkeeping requirements of the FLSA.

62. XPO's violation of the FLSA was willful.

## COUNT 2: BREACH OF CONTRACT FOR HOURLY RATE

63. XPO's agreement to pay an hourly wage to Plaintiff constituted a binding contract.

64. XPO failed to pay Plaintiff their agreed-upon hourly wage for all hours worked as a customer service dispatch.

65. Each time XPO failed to pay the agreed-upon wage for all hours worked, XPO breached its contractual agreement with Plaintiff.

66. XPO is liable to Plaintiff for the difference between her contractual hourly rate as a customer service dispatch and the amount she was actually compensated.

## COUNT 3: BREACH OF CONTRACT FOR UNPAID PTO

67. XPO's agreement to pay vacation PTO to Plaintiff constituted a binding contract.

68. XPO failed to pay Plaintiff their agreed-upon PTO on the pay date following her termination.

69. When XPO failed to pay Plaintiff her PTO on the pay date following her termination, XPO breached its contractual agreement with Plaintiff.

70. XPO is liable to Plaintiff for the amount of unpaid PTO.

## DEMAND FOR JUDGMENT

Based on the allegations set forth in this Complaint, and the evidence as it is developed in this case, Plaintiff respectfully requests:

(a) A declaratory judgment against the Defendant that they violated the FLSA;

(b) A declaration that the violation of the FLSA was willful;

(c) A monetary judgment against the Defendant, including:

   i) Uncompensated Paid Time Off,

   ii) Compensatory damages,

   iii) Unpaid wages and overtime,

   iv) Liquidated damages,

   v) Reasonable costs and attorney fees, and

   vi) Prejudgment interest;

(d) Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff demands a jury trial on all issues triable by a jury.

Respectfully submitted: October 17, 2016.

| | |
|---|---|
| MAYS & KERR, LLC<br>235 Peachtree St.<br>North Tower \| Suite 202<br>Atlanta, GA 30303 | /s/ William S. Cleveland<br>William S. Cleveland<br>Georgia Bar No. 721593<br>James Craig |

T: (404) 410 – 7998  Georgia Bar No. 940586
F: (404) 855 – 0820
willam@maysandkerr.com
james@maysandkerr.com  Counsel for the Plaintiff