# Exhibit 1

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is made and entered into by and between **XPO Last Mile Last Mile, Inc.** ("XPO Last Mile"), a corporation, and **Jasmine Lewandowski** ("Lewandowski"), an individual.

### RECITALS

1. Lewandowski resigned her employment with XPO Last Mile on or about June 6, 2016;

2. A dispute has arisen between XPO Last Mile and Lewandowski pursuant to the Fair Labor Standards Act ("FLSA") as to whether she was fully compensated for all overtime hours that she worked while an employee of XPO Last Mile, whether there was a breach of contract in relation to the hourly rate paid to Lewandowski, and whether there was a breach of contract regarding unpaid PTO; and

3. XPO Last Mile and Lewandowski desire to (a) amicably resolve their dispute and settle their differences, (b) buy their peace and (c) otherwise avoid the cost and uncertainty of litigation;

NOW THEREFORE, in consideration of these recitals and promises set forth in this Agreement, the parties do hereby covenant and agree as follows:

### TERMS AND CONDITIONS

1. **Settlement Payment**. Within ten (10) business days of the Court's approval of this Agreement, XPO Last Mile will pay Lewandowski a total amount of Six Thousand Six Hundred Sixty-Four and 60/100 Dollars ($6,664.60)

    1.1. The settlement payment shall be divided into three separate parts as follows:

    1.1.1. As payment for alleged wage claims and breach of contract claims, the sum of $702.10, less all applicable withholding taxes and payroll deductions, on a check made payable to **Jasmine Lewandowski,** reported on an IRS Form W-2;

    1.1.2. As payment for all other alleged non-wage damages, including liquidated or compensatory damages, the sum of $562.50, on a check made payable to **Jasmine Lewandowski**, reported on an IRS Form 1099; and

    1.1.3. As payment for attorney fees and expenses, the sum of $5,400.00 on a check made payable to **Jasmine Lewandowski's** attorneys, **Mays & Kerr, LLC**, reported on IRS Form 1099 to be issued to both Lewandowski and her attorneys at year-end.

    1.2. All payments will be sent by the **certified mail, FedEx, or UPS with a tracking number** and shall be addressed as follows:

1

> Mays & Kerr, LLC
> 235 Peachtree St. | Suite 202
> Atlanta, GA 30303
> ATTN: William S. Cleveland, Esq.

2. **Settlement Approval.** The parties agree that, upon execution of this Agreement, they shall file a joint motion for approval of the settlement to the United States District Judge before whom this litigation is pending for the purposes of obtaining court approval in accordance with the FLSA, 29 U.S.C. § 201 *et seq*. The parties agree that they will set the joint motion for hearing as soon as possible, if required by the Court. After the Court approves the settlement of this litigation, XPO Last Mile's counsel will transmit the payments required to Lewandowski's counsel within ten (10) business days following the filing or entry of the order (either formal written order or docket entry, *i.e.*, "minute entry") approving the settlement. If the District Court does not approve this Agreement, the parties agree that the terms, conditions, and provisions contained herein are null, void, and without any legal effect. However, the parties further agree that they will work together in good faith to re-negotiate any terms, conditions, or provisions rejected by the Court, will revise the Agreement to meet the Court's requirements once they agree on revised terms, conditions, and provisions, and will then re-submit an agreed-upon, revised Agreement for approval by the Court.

3. **General Waiver and Release by Lewandowski**. In exchange for the Settlement Payment, part of which is consideration for release of wage claims under the FLSA and part of which is consideration for release of breach of contract claims, Lewandowski fully releases and discharges XPO Last Mile, its parents, subsidiaries and affiliates, and its and their past and present directors, officers, employees, agents, representatives, insurers, attorneys, successors and assigns (collectively, the "**Released Parties**") of and from, without limitation, any and all rights, claims, demands, actions, causes of action, suits, damages, liabilities, losses, costs or expenses of any kind, whether arising out of, relating to or resulting from Lewandowski's employment with XPO Last Mile, Lewandowski's resignation from XPO Last Mile or any other matter, and specifically including but not limited to any and all:

    3.1. Claims arising under the FLSA, the Portal to Portal Act; Title VII of the Civil Rights Act of 1964 (as amended); the Age Discrimination in Employment Act; the Americans with Disabilities Act; the Family and Medical Leave Act; the Family Rights Act; the Immigration Reform and Control Act; the Occupational Safety and Health Act; the Uniformed Services Employment and Reemployment Rights Act; and any other federal, state or local civil or human rights law or any other federal, state or local law, regulation or ordinance;

    3.2. Claims for violation of any public policy, contract, tort or common law obligation, including but not limited to breach of express or implied contract or of an implied covenant of good faith and fair dealing, and negligent or intentional infliction of emotional distress;

    3.3. Claims for wages, bonuses and/or other employment benefits (except as expressly described herein); and

    **3.4.** Any obligation for costs, fees or other expenses, including but not limited to attorneys' fees incurred in connection with any of the above or any other matter (collectively, the "**Released Claims**").

4. **Reserved Claims**. Notwithstanding anything herein to the contrary, Lewandowski is not waiving any claim over vested or accrued retirement benefits. Also, Lewandowski is not waiving any claims that cannot be waived as a matter of law (as applicable to Lewandowski, if any), including, but not limited to, claims for unemployment compensation, workers' compensation benefits or COBRA rights to continue medical coverage and claims first arising after the date of this Agreement.

5. **General Waiver and Release by XPO Last Mile.** In exchange for the consideration expressed herein, XPO Last Mile fully releases and discharges Lewandowski, and her successors and assigns of and from, without limitation, any and all rights, claims, demands, actions, causes of action, suits, damages, liabilities, losses, costs or expenses of any kind, whether arising out of, relating to or resulting from Lewandowski's employment with XPO Last Mile, Lewandowski's resignation from XPO Last Mile or any other matter.

6. **Waiver of Reinstatement**. Lewandowski waives any right to reinstatement or future employment with, and she shall not knowingly apply for employment with XPO Last Mile or other entities which, after reasonable research, Lewandowski determines are related to it.

7. **Advice of Attorneys.** The parties acknowledge that they have fully read, understood and unconditionally accepted this Agreement after consulting with their respective attorneys.

8. **Attorneys' Fees/Costs**. Except as provided herein, each of the parties shall bear all attorneys' fees and litigation costs arising from the actions of its own counsel in connection with the litigation, the negotiation and execution of this Agreement, the matters referred to herein, the filing for approval of this Agreement, and all other related matters. Except as otherwise provided herein, under no circumstance may any party hereto be responsible for the payment of any attorneys' fees or litigation costs of another party hereto.

9. **Amendments**. Any modification or change to this Agreement must be made in writing and signed by all parties.

10. **Construction**. The language contained in this Agreement shall be deemed to be that approved jointly by the parties, and no rule of strict construction shall be applied against any party hereto. Paragraph headings used in this Agreement are for reference only and are not substantive terms nor intended to modify the meaning or intent of the paragraph. No provision of this Agreement is inferred or shall be interpreted or applied so as to preclude any party to this Agreement from complying with any federal, state, or local law, rule, or regulation.

11. **No Admission of Liability or Wrongdoing**. The parties have executed this Agreement to settle their differences, to buy their peace and to avoid the uncertainty, expense, burden and inconvenience of legal proceedings. This Agreement is not and shall not be construed as an admission of fault, wrongdoing or liability of either party.

12. **No Transfer**.  Lewandowski represents and warrants that she has not pledged, assigned, transferred or conveyed, or purported to pledge, assign, transfer, or convey, voluntarily, involuntarily, or by operation of law, any Released Claim against any Released Party, or any part or portion thereof, to any person or entity.

13. **Remedies**.  Lewandowski agrees that, should she breach this Agreement, including, without limitation, by pursuing a Released Claim against any of the Released Parties, Lewandowski shall (a) refund the Settlement Payment and (b) indemnify all Released Parties from any and all damages, losses, liabilities and costs (including reasonable attorneys' fees) resulting from Lewandowski's breach of this Agreement.  No right or remedy conferred by this Agreement is intended to be exclusive of any other right or remedy, and each and every such remedy shall be cumulative with and in addition to any other right or remedy given hereunder or now or hereafter existing at law or in equity.

14. **Choice of Law**.  This Agreement shall be construed and interpreted in accordance with and its performance governed by the laws of the State of Georgia, without regard to its conflicts of laws provisions.

15. **Invalid Provisions**.  If any provision in this Agreement or any application thereof to either party shall be finally determined by a court of competent jurisdiction to be invalid, illegal or unenforceable in any respect, then such provision shall be severed and deleted from this Agreement and replaced with a like provision that is valid, legal and enforceable to the fullest extent permitted by applicable law and the validity, legality and enforceability of the remaining provisions of this Agreement and any other application thereof shall not in any way be affected or impaired thereby.

16. **Prevailing Party**.  In any action or proceeding involving the interpretation or enforcement of, or defense against, any provision of this Agreement, the prevailing party in such action or proceeding shall be entitled to recover its reasonable attorneys' fees and all costs and expenses incurred in connection with such action or proceeding from the non-prevailing party.  In addition, the non-prevailing party shall pay all costs and expenses incurred in enforcing any judgment or award or in connection with any appeal, and this obligation shall be severable from the other provisions of this paragraph and shall survive any judgment, order or award and shall not be deemed to be merged therewith.

17. **Signature by Counterparts.**  This Agreement may be signed in counterpart originals, each of which shall be deemed an original, but all of which together will constitute one and the same instrument.  The parties acknowledge and agree that "hard copies" and electronic copies of this Agreement shall have the same force and effect of documents containing original signatures.  Counterparts may be delivered to the offices of counsel by regular mail and/or email.

18. **Waiver of Jury Trial**.  TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, BOTH PARTIES HEREBY WAIVE ANY RIGHT TO JURY TRIAL IN ANY ACTION OR PROCEEDING ARISING OUT OF OR RELATING TO THIS AGREEMENT, LEWANDOWSKI'S EMPLOYMENT WITH XPO LAST MILE OR LEWANDOWSKI'S SEPARTION FROM XPO LAST MILE.  EACH PARTY HAS HAD THE OPPORTUNITY

4

THE OPPORTUNITY TO DISCUSS THIS WAIVER WITH COUNSEL REPRESENTING THAT PARTY AND CONSENTS TO SUCH WAIVER WITH FULL UNDERSTANDING OF THE CONSEQUENCES THEREOF.

19. **Final Agreement.** This Agreement constitutes the final and entire agreement between the parties with respect to its subject matter, and supersedes any prior or contemporaneous negotiations, discussions or understandings between the parties with respect to such subject matter. This Agreement may be amended, modified, revised, waived or supplemented only by written instruments signed by both parties.

IN WITNESS WHEREOF, the parties have signed this Settlement Agreement and Release to be effective as of the date last indicated in the signature blocks below.

**XPO Last Mile, Inc.**

Signature

Name   Benjamin Faino

Title   SVP

Date   1-26-17

**Jasmina Lewandowski**

Signature

Date   1/24/17